**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RODNEY A. DAVIDSON, | :: | CIVIL ACTION NO. |
| Inmate # GDC 661483, EF 299568, | :: | 1:04-CV-2682-RWS |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| J. WAYNE GARNOR, et al., | :: | PRISONER CIVIL RIGHTS |
| Defendants. | :: | 42 U.S.C. § 1983 |

**ORDER AND OPINION**

Now before the Court are Defendants' Motion for Summary Judgment,

Statement of Undisputed Facts, Brief in Support, and supporting Affidavit [Doc. 29];

and Plaintiff's Response thereto [Doc. 32].

**I. BACKGROUND**

This Court previously consolidated Plaintiff's three separate civil actions,

1:04-CV-2682, 1:04-CV-2683, and 1:04-CV-2684, into this single action. [Doc. 3.]

Plaintiff sues the individual members of the Georgia State Board of Pardons and

Paroles (Board) and the Board's Assistant Director of the Clemency Division, W.C.

Davis. Plaintiff claims that the Board revoked his parole in 1997 and ordered him to

be returned to state prison from the halfway house to which he recently had been

transferred. He also claims that Mr. Davis informed Plaintiff's family members that

he remained incarcerated because an investigation had revealed that he "was

AO 72A
(Rev.8/82)

trafficking merchandise within the system," which Plaintiff denies.  Plaintiff asserts

due process and equal protection violations.  He requests either that he receive a fair

hearing on the alleged evidence against him or that he be returned to a halfway house

or released on parole.  [Doc. 1; see also 1:04-CV-2684, Doc. 1.]

In order to establish a due process claim, a prisoner must show that he has been

deprived of life, liberty, or property without due process of law.  Bass v. Perrin, 170

F.3d 1312, 1318 (11th Cir. 1999).  A Georgia state prisoner does not have a liberty

interest in parole, and he may not pursue a claim in federal court alleging that the

Board's exercise of its discretion to deny him parole was a violation of his due process

rights.  See Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001).  Nevertheless, "the use

of false information in a parole file can be a due process violation."  Id.  In order to

establish an equal protection violation, a plaintiff "must demonstrate that (1) he is

similarly situated with other prisoners who received more favorable treatment; and

(2) his discriminatory treatment was based on some constitutionally protected interest

such as race."  Id. at 946-47 (internal quotations omitted).  This Court previously

concluded that Plaintiff had failed to state a claim for relief except with respect to the

Board's alleged use of false information in his parole file.  [Doc. 6.]

2

## II.  DISCUSSION

In their June 7, 2006, brief in support of summary judgment, Defendants argue, inter alia, that this action is moot based on Plaintiff's pending August 2006 release on parole.  [Doc. 29-3 at 12-14.]  Plaintiff has offered no substantive response to that assertion.  [See Doc. 32.]  The Court takes judicial notice that Plaintiff was paroled from state prison on August 23, 2006, six months ahead of his maximum release date of February 22, 2007.  See www.dcor.state.ga.us at "Georgia Inmate Query" for GDC ID Number 661483.

"If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and . . . . dismissal is required because mootness is jurisdictional."  Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).  The relief that Plaintiff seeks herein is release on parole from his incarceration at a state prison facility, or, in the alternative, a fair hearing concerning the Board's alleged reliance on false information to deny him parole.  Accordingly, now that Plaintiff has been released on parole, there is no longer any meaningful relief that this Court can give him in this action.

AO 72A
(Rev.8/82)

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. 29] is **GRANTED** on their assertion that the instant civil action should be, and this action **HEREBY** is, **DISMISSED AS MOOT**.

**IT IS SO ORDERED** this ___14th___ day of September, 2006.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RODNEY A. DAVIDSON, | :: | CIVIL ACTION NO. |
| Inmate # GDC 661483, EF 299568, | :: | 1:04-CV-2682-RWS |
|     Plaintiff, | :: | |
| | :: | |
|     v. | :: | |
| | :: | |
| J. WAYNE GARNOR, et al., | :: | PRISONER CIVIL RIGHTS |
|     Defendants. | :: | 42 U.S.C. § 1983 |

## ORDER AND OPINION

Now before the Court are Defendants' Motion for Summary Judgment, Statement of Undisputed Facts, Brief in Support, and supporting Affidavit [Doc. 29]; and Plaintiff's Response thereto [Doc. 32].

## I.  BACKGROUND

This Court previously consolidated Plaintiff's three separate civil actions, 1:04-CV-2682, 1:04-CV-2683, and 1:04-CV-2684, into this single action.  [Doc. 3.] Plaintiff sues the individual members of the Georgia State Board of Pardons and Paroles (Board) and the Board's Assistant Director of the Clemency Division, W.C. Davis.  Plaintiff claims that the Board revoked his parole in 1997 and ordered him to be returned to state prison from the halfway house to which he recently had been transferred.  He also claims that Mr. Davis informed Plaintiff's family members that he remained incarcerated because an investigation had revealed that he "was

trafficking merchandise within the system," which Plaintiff denies. Plaintiff asserts due process and equal protection violations. He requests either that he receive a fair hearing on the alleged evidence against him or that he be returned to a halfway house or released on parole. [Doc. 1; see also 1:04-CV-2684, Doc. 1.]

In order to establish a due process claim, a prisoner must show that he has been deprived of life, liberty, or property without due process of law. Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999). A Georgia state prisoner does not have a liberty interest in parole, and he may not pursue a claim in federal court alleging that the Board's exercise of its discretion to deny him parole was a violation of his due process rights. See Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001). Nevertheless, "the use of false information in a parole file can be a due process violation." Id. In order to establish an equal protection violation, a plaintiff "must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Id. at 946-47 (internal quotations omitted). This Court previously concluded that Plaintiff had failed to state a claim for relief except with respect to the Board's alleged use of false information in his parole file. [Doc. 6.]

2

AO 72A
(Rev.8/82)

## II. DISCUSSION

In their June 7, 2006, brief in support of summary judgment, Defendants argue, inter alia, that this action is moot based on Plaintiff's pending August 2006 release on parole. [Doc. 29-3 at 12-14.] Plaintiff has offered no substantive response to that assertion. [See Doc. 32.] The Court takes judicial notice that Plaintiff was paroled from state prison on August 23, 2006, six months ahead of his maximum release date of February 22, 2007. See www.dcor.state.ga.us at "Georgia Inmate Query" for GDC ID Number 661483.

"If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and . . . . dismissal is required because mootness is jurisdictional." Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001). The relief that Plaintiff seeks herein is release on parole from his incarceration at a state prison facility, or, in the alternative, a fair hearing concerning the Board's alleged reliance on false information to deny him parole. Accordingly, now that Plaintiff has been released on parole, there is no longer any meaningful relief that this Court can give him in this action.

3

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. 29] is **GRANTED** on their assertion that the instant civil action should be, and this action **HEREBY** is, **DISMISSED AS MOOT**.

**IT IS SO ORDERED** this __14th__ day of September, 2006.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RODNEY A. DAVIDSON, | :: | CIVIL ACTION NO. |
| Inmate # GDC 661483, EF 299568, | :: | 1:04-CV-2682-RWS |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| J. WAYNE GARNOR, et al., | :: | PRISONER CIVIL RIGHTS |
| Defendants. | :: | 42 U.S.C. § 1983 |

**ORDER AND OPINION**

Now before the Court are Defendants' Motion for Summary Judgment,

Statement of Undisputed Facts, Brief in Support, and supporting Affidavit [Doc. 29];

and Plaintiff's Response thereto [Doc. 32].

**I.  BACKGROUND**

This Court previously consolidated Plaintiff's three separate civil actions,

1:04-CV-2682, 1:04-CV-2683, and 1:04-CV-2684, into this single action.  [Doc. 3.]

Plaintiff sues the individual members of the Georgia State Board of Pardons and

Paroles (Board) and the Board's Assistant Director of the Clemency Division, W.C.

Davis.  Plaintiff claims that the Board revoked his parole in 1997 and ordered him to

be returned to state prison from the halfway house to which he recently had been

transferred.  He also claims that Mr. Davis informed Plaintiff's family members that

he remained incarcerated because an investigation had revealed that he "was

trafficking merchandise within the system," which Plaintiff denies.  Plaintiff asserts

due process and equal protection violations.  He requests either that he receive a fair

hearing on the alleged evidence against him or that he be returned to a halfway house

or released on parole.  [Doc. 1; see also 1:04-CV-2684, Doc. 1.]

In order to establish a due process claim, a prisoner must show that he has been

deprived of life, liberty, or property without due process of law.  Bass v. Perrin, 170

F.3d 1312, 1318 (11th Cir. 1999).  A Georgia state prisoner does not have a liberty

interest in parole, and he may not pursue a claim in federal court alleging that the

Board's exercise of its discretion to deny him parole was a violation of his due process

rights.  See Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001).  Nevertheless, "the use

of false information in a parole file can be a due process violation."  Id.  In order to

establish an equal protection violation, a plaintiff "must demonstrate that (1) he is

similarly situated with other prisoners who received more favorable treatment; and

(2) his discriminatory treatment was based on some constitutionally protected interest

such as race."  Id. at 946-47 (internal quotations omitted).  This Court previously

concluded that Plaintiff had failed to state a claim for relief except with respect to the

Board's alleged use of false information in his parole file.  [Doc. 6.]

2

AO 72A
(Rev.8/82)

## II. DISCUSSION

In their June 7, 2006, brief in support of summary judgment, Defendants argue, inter alia, that this action is moot based on Plaintiff's pending August 2006 release on parole.  [Doc. 29-3 at 12-14.]  Plaintiff has offered no substantive response to that assertion.  [See Doc. 32.]  The Court takes judicial notice that Plaintiff was paroled from state prison on August 23, 2006, six months ahead of his maximum release date of February 22, 2007.  See www.dcor.state.ga.us at "Georgia Inmate Query" for GDC ID Number 661483.

"If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and . . . . dismissal is required because mootness is jurisdictional."  Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).  The relief that Plaintiff seeks herein is release on parole from his incarceration at a state prison facility, or, in the alternative, a fair hearing concerning the Board's alleged reliance on false information to deny him parole.  Accordingly, now that Plaintiff has been released on parole, there is no longer any meaningful relief that this Court can give him in this action.

3

AO 72A
(Rev.8/82)

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. 29] is **GRANTED** on their assertion that the instant civil action should be, and this action **HEREBY** is, **DISMISSED AS MOOT**.

**IT IS SO ORDERED** this  14th  day of September, 2006.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4